J-S49008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| JAMES BRADFORD JONES JR. | |
| Appellant | No. 795 MDA 2015 |

Appeal from the PCRA Order Entered March 20, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0003564-2012
CP-36-CR-0003576-2012
CP-36-CR-0003799-2012
CP-36-CR-0004055-2012
CP-36-CR-0004589-2012
CP-36-CR-0005886-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 17, 2015**

Appellant, James Bradford Jones Jr., appeals from the post-conviction court's March 20, 2015 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises three ineffective assistance of counsel (IAC) claims.  Additionally, Appellant's counsel, Christopher P. Lyden, Esq., has filed a petition to withdraw from representing Appellant, along with an **_Anders_**[1] brief. While a

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

***Turner-Finley***[2] 'no-merit' letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we may accept Attorney Lyden's ***Anders*** brief in lieu of a no-merit letter. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner-Finley*** letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition and we grant Attorney Lyden's petition to withdraw.

The PCRA court summarized the facts and procedural history of this case, as follows:

> [Appellant], James B. Jones Jr., was charged through multiple informations with eleven counts of burglary, one count of attempted burglary, and a number of related misdemeanor thefts. The charges stem from a series of residential burglaries committed by [Appellant] in the spring of 2012. During that period[, Appellant] entered a number of area homes in search of money, jewelry, and other valuables to pawn and convert to cash. On May 21, 2012, [Appellant] was spotted exiting a home in Rapho Township, Manheim, Pennsylvania. As he fled the home[,] surrounding neighbors took photos of [Appellant]'s license plate and turned them over to authorities. Soon after, [Appellant] was tracked down and brought in for questioning where he confessed to the May 21st burglary, along with a number of unsolved break-ins in the region. Once taken into custody[, Appellant]'s cases were consolidated and Attorney David L. Blanck of the Lancaster Public Defender's Officer was appointed as [c]ounsel. Mr. Blanck first met with [Appellant]

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

prior to his preliminary hearing in August [of] 2012. Subsequent to that[,] Attorney Blanck visited [Appellant] in prison multiple times from April of 2013 leading up to his guilty plea in October of 2013. During those visits[,] Attorney Blanck and [Appellant] reviewed the case file; discussed potential trial strategies; considered plea offers presented by the Commonwealth[;] and examined the viable options for [Appellant] in resolving his case.

After considering all the options provided by [t]rial [c]ounsel, [Appellant] made the decision to enter a "straight" or open plea on October 21, 2013. In all[, Appellant] pled guilty to 11 counts of burglary and one count of attempted burglary with the remaining misdemeanors to be *[nolle] prossed* at sentencing.

A pre-sentence investigation was ordered after which [Appellant] was sentenced to a period of incarceration [of] not less than 20 years, nor more than 40 years with an order to pay restitution in the amount of $98,810.55. A Motion for Reconsideration of Sentence was denied in March of 2014. Following the denial[, Appellant] filed the instant petition for Post-Conviction relief. Counsel was appointed and a hearing was held on October 22, 2014.

Subsequent to the hearing[,] both parties filed memorand[a] of law with this [c]ourt. [Appellant]'s memorandum put[] forth three claims upon which relief [was] requested:

1. Trial [c]ounsel failed to communicate with [Appellant] leading up to his guilty plea.

2. Trial [c]ounsel failed to provide adequate time for [Appellant] to evaluate the Commonwealth's discovery.

3. Trial [c]ounsel failed to request a restitution hearing despite [Appellant]'s desire that such a motion be filed.

[Appellant] argue[d] that by failing to provide these services[, t]rial [c]ounsel rendered ineffective assistance causing [him] to enter an unknowing and involuntary plea.

Trial Court Opinion (T.C.O.), 3/20/2015, at 1-3 (citations and footnotes omitted).

By order dated March 20, 2015, the PCRA court denied Appellant's PCRA petition and filed an opinion supporting the denial. Attorney Lyden was subsequently appointed and filed a timely notice of appeal to this Court. The PCRA court did not issue an order requiring the production of a Pa.R.A.P. 1925(b) statement, but provided its own Rule 1925(a) opinion on May 4, 2015, incorporating by reference the opinion supporting the denial of Appellant's petition.

Before we consider the merits of Appellant's issues, we must first consider Attorney Lyden's petition to withdraw as counsel. In *Turner*, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" *Turner*, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in *Finley*, were updated by this Court in *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),[3] which provides:

---

[3] In *Pitts*, our Supreme Court abrogated *Friend* "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." *Pitts*, 981 A.2d at 879. In this case, Attorney Lyden filed his
*(Footnote Continued Next Page)*

- 4 -

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include[:]

   i. a copy of both the "no-merit" letter, and[;]

   ii. a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in [ ] light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

We have received Attorney Lyden's petition to withdraw and *Anders* brief, which we will treat as his no-merit letter. Therefore, the first prong of the above test is met. Second, we must determine if Attorney Lyden sets forth Appellant's claims and describes the nature and extent of his review

*(Footnote Continued)* ───────────────

petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

thereof. Third, we must determine if the brief includes an explanation as to why each issue is meritless.

In the **Anders** brief, Attorney Lyden sets forth Appellant's claims and sufficiently evidences the nature and extent of his review. Additionally, on pages 8 through 10 of the brief, Attorney Lyden discusses the ineffectiveness claims Appellant wishes to raise, and explains why those claims are without merit. Accordingly, we find that Attorney Lyden meets the second and third prongs of the revised **Finley** test as set forth in **Friend**.

Fourth, we find that Attorney Lyden has forwarded to Appellant a copy of his petition to withdraw and attendant brief. Attorney Lyden has also advised Appellant that he has the right to proceed with this appeal *pro se* or to hire new counsel. Accordingly, we find that Attorney Lyden has complied with the fourth prong of the revised test set forth in **Friend**.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. According to counsel, Appellant wishes to raise three issues for our review.

1. Did the PCRA court err by failing to find that plea counsel provided ineffective assistance by failing to communicate with Appellant prior to Appellant['s] entering his plea of guilty?

2. Did the PCRA court err by failing to find that plea counsel provided ineffective assistance by failing to allow Appellant an opportunity to review discovery documents prior to Appellant['s] entering his plea of guilty?

3. Did the PCRA court err by failing to find that plea counsel provided ineffective assistance by failing to petition the lower

> court for a restitution hearing after Appellant entered his plea of guilty?

***Anders*** Brief at 4.

When we review the propriety of the PCRA court's order, we are limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. ***Commonwealth v. Grant***, 992 A.2d 152, 156 (Pa. Super. 2010) (citations omitted). This Court will not disturb the PCRA court's findings if there is any support for the findings in the certified record. ***Id***. at 156.

In reviewing an allegation of ineffective assistance of counsel, a court starts with the presumption that counsel was effective. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). "To merit relief based on an ineffectiveness claim under the PCRA, a petitioner must show that such ineffectiveness 'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Collins***, 957 A.2d 237, 244 (Pa. 2008) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). This standard requires "a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." ***Id***. The failure "to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." ***Id***.

Appellant initially contends that the PCRA court erred in failing to find his plea counsel was ineffective for not communicating with him prior to

entering his plea. Contrary to this assertion, our independent review of the record reveals that, although decisions were left to Appellant, plea counsel did not fail to communicate with him.

The record reveals that the parties discussed potential trial strategies, plea offers, and viable options; however, Appellant had trouble settling on a course of action. For instance, after plea counsel negotiated a guilty plea offer, Appellant rejected it outright. Plea counsel testified at the PCRA hearing, recalling one conversation that "[Appellant] didn't want a trial, he didn't want to take the offer and he didn't want the open plea. And I was like, James, I don't have door number four." N.T. PCRA, 10/22/2014, at 71. Appellant further contradicts his own assertion that plea counsel failed to communicate with him, in stating that, "[e]very time it was either take the deal [or] take it to trial. It was – it was never any set thing of what [plea counsel] thought I should do." *Id*. Based on the foregoing, we agree with Attorney Lyden and the PCRA court that Appellant's claim lacks merit, as the evidence establishes that Appellant and plea counsel communicated at length prior to entering the guilty plea.

Next, Appellant asserts that the PCRA court erred by failing to find plea counsel ineffective in not affording him an opportunity to review discovery documents prior to Appellant's entering his guilty plea. Testimony at the PCRA evidentiary hearing directly contradicts this claim.

As a policy, the Lancaster Public Defender's Office gives prisoners limited access to discovery. *Id*. at 73. Copies of discovery are not provided

to clients while they are incarcerated because of difficultly with jailhouse informants. *Id*. at 73-74. Rather, investigators will bring copies of discovery to their clients to review upon request. *Id*. At several points throughout his testimony, Appellant stated that he was given access to discovery in this manner. *Id*. at 12-15, 46, 49. Plea counsel testified that Appellant had finished review of discovery after four visits and explicitly stated that he did not want to see it any more. *Id*. at 74. Based on this record, we agree with Attorney Lyden and the PCRA court, that Appellant was not denied the opportunity to review discovery. Accordingly, we find this claim is also without merit.

Finally, Appellant asserts that the PCRA court erred by not finding plea counsel ineffective for failing to petition the lower court for a restitution hearing. While Appellant's first two claims of ineffectiveness failed to establish a meritorious argument, this final claim fails to establish that he was prejudiced. "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Cam Ly*, 980 A.2d 61, 73 (Pa. 2009).

The PCRA court heard testimony from Appellant that, in addition to his plea colloquy, he was given guilty plea slips to sign. N.T. PCRA, at 33. Each slip referenced a consolidated docket, on which a specific charge and restitution amount was printed. *Id*. at 35. In signing the slips, Appellant established, by judicial admission, the amount of restitution owed.

- 9 -

Consequently, Appellant was not prejudiced in not having a hearing to determine facts already admitted. For that reason, we find the PCRA court's decision, dismissing his third ineffectiveness claim, to be without error.

Having concluded that all of Appellant's issues are without merit, we grant Attorney Lyden's petition to withdraw and deny Appellant relief.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015